David G. Hosenpud, OSB No. 832414
hosenpudd@lanepowell.com
Hank Stebbins, OSB No. 154276
stebbinsh@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Safeway, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALEXANDREA HERNANDEZ,<br><br>                    Plaintiff,<br><br>       v.<br><br>SAFEWAY, INC., a Delaware Corporation,<br><br>                    Defendant. | Case No. 6:23-cv-0035<br><br>**DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446<br><br>(Jury Trial Requested by Plaintiff) |

TO: United States District Court for the District of Oregon, Eugene Division; Clerk of the Marion County Circuit Court; and Larry L. Linder and Richard Bosanko, Attorneys for Plaintiff Alexandrea Hernandez

PLEASE TAKE NOTICE that defendant Safeway, Inc. ("Defendant"), by and through its undersigned counsel, petitions this Court under 28 U.S.C. §§ 1332, 1441, and 1446 for the removal to this Court of this action based on diversity jurisdiction. The matter is currently pending in the Circuit Court of the State of Oregon for the County of Marion as Case No. 22CV39026. The grounds for the removal are as follows:

PAGE 1 –  DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1

## BACKGROUND

1. On or about November 14, 2022, plaintiff Alexandrea Hernandez ("Plaintiff") initiated this action by filing a Complaint against Defendant in the Circuit Court of the State of Oregon for the County of Marion.

2. Defendant first received a copy of the Complaint and Summons by personal service through its registered agent, CT Corporation System, on December 9, 2022.

3. Plaintiff's Complaint alleges the following claims for relief: (1) Sex Harassment (violation of ORS 659A.030); (2) Retaliation (violation of ORS 659A.030(1)(f)); and (3) Whistleblowing (violation of ORS 659A.199). (Ex. 1, Compl. ¶¶ 17-41.)

4. Plaintiff seeks economic damages, including back pay, benefits, and front pay, in the amount not to exceed $20,000.00, in addition to compensatory damages not to exceed $300,000.00, and reasonable attorney fees and costs. (Ex. 1, Compl. ¶¶ 23, 31, 41, and 42.)

## STATUTORY REQUIREMENTS

5. Removal of this case is proper pursuant to this Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

6. <u>Citizenship of Parties</u>. The named parties are of completely diverse citizenships.

   a. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

   b. Plaintiff is a female resident of Marion County, Oregon. (Ex. 1, Compl. ¶ 1.)

   c. Defendant is an active foreign business corporation organized under the laws of the state of Delaware. As stated in Plaintiff's Complaint, Defendant is a Delaware

PAGE 2 – DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1

corporation licensed to do business in the state of Oregon. (Ex. 1, Compl. ¶ 1.) Defendant is a citizen of Delaware for purposes of diversity citizenship. 28 U.S.C. § 1332(c)(1) states a corporate defendant "shall be deemed to be a citizen of any State * * * by which it has been incorporated and of the State * * * where it has its principal place of business." The United States Supreme Court has adopted the "nerve center test" to determine a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. Defendant is an active foreign business corporation with its headquarters and principal place of business in Pleasanton, California, where Defendant's officers direct, control, and coordinate the corporation's activities.

        d.      Defendant is not a citizen of Oregon where Plaintiff is a citizen and where Plaintiff brought this action, resulting in complete diversity allowing removal by the non-resident Defendant. 28 U.S.C. §§ 1332, 1441.

        7.      <u>Amount of Controversy</u>. Defendant denies that Plaintiff is entitled to the relief sought, but Plaintiff's allegations and requested relief place more than $75,000 in controversy, exclusive of interest and costs. Plaintiff seeks up to $320,000 in damages. Plaintiff's Complaint seeks economic damages, including back pay, benefits, and front pay, in the amount not to exceed $20,000.00, in addition to compensatory damages not to exceed $300,000.00, and reasonable attorney fees and costs. (Ex. 1, Compl. ¶¶ 23, 31, 41, and 42.) In other words, it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994). Based on the foregoing, Plaintiff's allegations clearly satisfy the jurisdictional prerequisite for the amount in controversy.

## PROCEDURAL REQUIREMENTS

        8.      <u>Venue</u>. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, it is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

PAGE 3 – DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1

9. <u>Removal Is Timely</u>.  Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed, having been filed within thirty (30) days after Defendant's receipt of the Complaint and Summons.

10. <u>Removal to Proper Court</u>.  Concurrently with the filing of this Notice of Removal, Defendant is giving written notice of removal to Plaintiff and filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Marion pursuant to 28 U.S.C. § 1446(d).

11. <u>Pleadings and Process</u>.  Attached hereto as **Exhibit 1** is a copy of all process and pleadings received by Defendant in the state court action.  *See* 28 U.S.C. § 1446(a).

12. <u>Notice</u>.  A copy of the Notice of Removal to federal court will be timely filed with the clerk of the state court in which the action is pending and served on Plaintiff pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice to Clerk of the Court and Adverse Party of Filing of Notice of Removal to Federal Court will be served promptly on Plaintiff pursuant to 28 U.S.C. §§ 1446(a), (d).

13. <u>Consent</u>.  Safeway, Inc. is the only defendant in this action.  Therefore, consent of other defendants to removal of the state court action is not required.

14. <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

15. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

16. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

PAGE 4 – DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1

## **CONCLUSION**

Defendant removes this case to federal court and respectfully prays that this Court proceed with this action as if it had originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

DATED:  January 8, 2023

                                          LANE POWELL PC

                                        By:  *s/ Hank Stebbins*
                                               David G. Hosenpud, OSB No. 832414
                                               Hank Stebbins, OSB No. 154276
                                               Telephone:  503.778.2100
Attorneys for Defendant Safeway, Inc.

PAGE 5 –  DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1


# **CERTIFICATE OF SERVICE**

I, Hank Stebbins, hereby certify that on this 6th day of January, 2023, I electronically filed the foregoing **DEFENDANT SAFEWAY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of the United States District Court, for the District of Oregon, Eugene Division, using the CM/ECF system, which will send notification of such filing to the following:

Larry L. Linder
Richard Bosanko
Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, Oregon 97301
E-Mail:  llinder@salememploymentlawyer.com
             rbosanko@salememploymentlawyer.com

*Attorneys for Plaintiff*

*s/ Hank Stebbins*
Hank Stebbins

PAGE 1 –  CERTIFICATE OF SERVICE

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

127910.0021/9219639.1